Albert J. Blankman v. Commissioner.
Blankman v. Commissioner
Docket No. 33096.
United States Tax Court
1952 Tax Ct. Memo LEXIS 24; 11 T.C.M. (CCH) 1166; T.C.M. (RIA) 52338; November 28, 1952
Albert J. Blankman, pro se. Reuben J. Clark, Jr., Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This case involves an income tax deficiency in the amount of $233 for the calendar year 1949. The sole issue raised in the petition is whether the petitioner is entitled to a credit for two additional dependents, namely, his sister and her son, under section 25 (b) (D) of the Internal Revenue Code. The petitioner's sister, Thelma Lupesco, and her son, Darryl Lupesco, then three years of age, having left her husband in California were living during the year 1949 with her father in a household maintained by him in Baltimore, Maryland. The father had a store and Thelma worked in the store. *25 The petitioner also lived at home with his father in a household maintained by the father, which household consisted of seven individuals. All expenses of operating the household were paid by the father except that petitioner contributed $15 per week toward such maintenance of the household, which amount included payment for his own board. He also gave his sister Thelma $10 per week. The above facts are all we can properly find from the testimony of the petitioner who appeared at the hearing alone and without counsel. The sister and father, who live in Baltimore, were not produced as witnesses. These facts clearly are not sufficient to show that petitioner has furnished more than one-half of the support of the sister Thelma or her son Darryl during the taxable year 1949, and accordingly, at the conclusion of the hearing, decision from the bench was made in which it was held that the petitioner had not established that he was entitled to the dependency credits claimed. In the answer filed by the respondent in this proceeding it is alleged that in determining the deficiency shown in the deficiency letter the amount of $587.57 was erroneously shown as tax reported due on the return *26 filed instead of the correct amount of $402 and that (e). That the correct computation of the deficiency should have been shown on the statement attached to the notice of deficiency as follows: Correct tax liability
$635.00
Tax shown on return
402.00
Deficiency
$233.00
Claim for the increased deficiency was made pursuant to the provisions of section 272 (e) of the Internal Revenue Code. On July 9, 1951, the respondent filed a motion under Rule 18 of the Court's Rules of Practice stating that inasmuch as the petitioner had failed to file a reply to respondent's answer within the time provided by Rule 15 of the Court's Rules of Practice that the affirmative allegations of fact set forth in the answer should be deemed to be admitted. On July 11, 1951, the Court ordered "That the petitioner herein show cause, if any, on or before August 8, 1951 at 10:00 a.m. why the prayer of respondent's motion filed July 9, 1951 above referred to should not be granted." On August 8, 1951, the Court entered an order "That the order to show cause issued on July 11, 1951, is made absolute and the respondent's motion filed July 9, 1951, is granted." *27 Decision will be entered for the respondent.